No. 13,723.

PEOPLE EX REL. PUTNUM *v.* UNITED STATES FIDELITY AND
GUARANTY COMPANY.
(59 P. [2d] 796)

Decided July 6, 1936.

Mr. JOHN R. COEN, Mr. CHARLES H. WOODARD, for plaintiff in error.

Mr. HENRY H. CLARK, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK, sitting for MR. CHIEF JUSTICE CAMPBELL, delivered the opinion of the court.

THIS court is asked to reverse a judgment of dismissal entered by the trial court, which sustained a demurrer to the complaint, upon which the plaintiff elected to stand.

The action was brought by Mrs. Putnum, as relatrix,

in the name of the people of the state of Colorado, to recover on the official bond given by one Rodriguez as sheriff of Costilla county, Colorado. Besides alleging the execution and delivery of the bond the complaint alleges, among other things, that on December 31, 1933, one Putnum, husband of the relatrix, was peaceably traveling by automobile on the public highway of Costilla county when the aforesaid sheriff, his undersheriff and a special deputy sheriff, attempting in their official capacity to arrest Putnum as a bandit or holdup, pursued the automobile and fired shots which killed him; that the officers were without a warrant for his arrest; that he had not violated the law in any manner; that they were entirely without knowledge or information that he was a bandit or holdup or guilty of the commission of any crime; and that he was and for years had been the sole support of the relatrix and of his and her child. By stipulation the complaint is deemed to allege also that the sheriff, principal in the bond, died before the complaint was filed.

It is conceded by the relatrix that, if no substantial property right of hers was interfered with, a recovery cannot be had.

The complaint is based upon the theory that there has been an invasion of what she claims is a property right in the form of a right to support by her husband, because the killing of the latter destroyed his power to furnish this support. She expressly disclaims a right to recover for a trespass on account of injuries done to the person of her husband.

The sufficiency of the alleged cause of action depends entirely upon the correctness of her theory. If the right of the relatrix to her husband's support was a property right in the correct legal sense, and if the incidental interference which appears from the facts before us should give rise to a cause of action, then, since such a property right had existed for generations in favor of every wife wherever the common law—giving a legal claim for support and maintenance—prevails, this interference with

the husband's power of rendering support would have supported a cause of action. This would have been so whether the interference was partial or total. That view, however, does not impress us as a plausible one. Especially true is this where the interference occurs by killing the man who happens to have a legal obligation of support. Were this the law, it would be difficult to account for the entire absence of litigation at the instance of women made widows by homicide. If such a cause of action existed it is inexplicable that in the course of the centuries an alleged cause of action for damage by such homicide has not been presented for judicial sanction. As a matter of judicial history, of course, at common law the loss of human life has not been accepted as a proper basis for awarding pecuniary indemnification to those surviving, except by authority of special statutes, such as Lord Campbell's Act in England. These statutes have been enacted in almost all civilized jurisdictions. We have one in Colorado. C. L. '21, §§6302 et seq. They entitle certain classes of survivors of a person killed to damages in the manner and to the extent prescribed by the statutes. It is readily seen that this case does not fall within our present statute. In the circumstances here shown, it would not be proper for a court to create, in the absence of an enabling statute, a cause of action for damages on account of the loss of Putnam's life.

To hold otherwise would, by the same token, naturally require us to recognize the right of any contracting party to recover for loss resulting from the incidental interference with his or her contractual rights by the killing of the person with whom he or she has entered into contract, whether that person be his or her spouse or not. We cannot take the responsibility of sanctioning such an extraordinary proposition. By so doing we would manifestly be guilty of judicial legislation. It is the legislative branch of the government that may legislate or not upon the subject. It has not seen fit to do so.

Our conclusion is that the judgment of the district court was right in denying a remedy on the facts alleged.

The plaintiff in error cites certain cases arising under statutes which provide compensation for damage suffered by the sale of intoxicating liquors to habitual drunkards. These are not authority in favor of recovery here. They relate to the very situation which the legislature had in mind when exercising its prerogative to enact those statutes. In deciding those cases as they did, the courts have given appropriate effect to the lawful mandates of the legislative branch. They present a wholly different situation from the one before us.

Judgment affirmed.

MR. JUSTICE BUTLER and MR. JUSTICE YOUNG concur.